Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTELLAS PHARMA INC.; ASTELLAS US LLC; ASTELLAS PHARMA US, INC.; MEDIVATION LLC; MEDIVATION PROSTATE THERAPEUTICS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HETERO USA, INC.; HETERO LABS LIMITED; HETERO LABS LIMITED UNIT-V,<br><br>Defendants. | Civil Action No. _____ |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Astellas Pharma Inc. ("API"), Astellas US LLC ("AUS"), and Astellas Pharma US, Inc. ("APUS") (collectively, "Astellas"), and Medivation LLC and Medivation Prostate Therapeutics LLC ("MPT") (collectively, "Medivation") (all collectively, "Plaintiffs"), for their Complaint against Defendants Hetero USA, Inc. ("Hetero USA"), Hetero Labs Limited ("Hetero Labs"), and Hetero Labs Limited Unit-V ("Hetero Unit-V") (all collectively, "Hetero"), hereby allege as follows:

1

## THE PARTIES

1. Plaintiff API is a corporation organized and existing under the laws of Japan having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.

2. Plaintiff AUS is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 2375 Waterview Drive, Northbrook, Illinois 60062, United States.

3. Plaintiff APUS is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 2375 Waterview Drive, Northbrook, Illinois 60062, United States.

4. Plaintiff Medivation LLC is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 66 Hudson Boulevard East, New York, New York 10001-2192, United States.

5. Plaintiff MPT is a limited liability company organized and existing under the laws of the State of Delaware having its principal place of business at 66 Hudson Boulevard East, New York, New York 10001-2192, United States.

6. On information and belief, Defendant Hetero USA is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 1035 Centennial Avenue, Piscataway, New Jersey 08854, United States.

7. On information and belief, Hetero USA, by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of New Jersey and throughout the United States.

8. On information and belief, Defendant Hetero Labs is a corporation organized and existing under the laws of India having a principal place of business at 7-2-A2, Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad 500018, Andhra Pradesh, India.

9. On information and belief, Hetero Labs, by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of New Jersey and throughout the United States.

10. On information and belief, Defendant Hetero Unit-V is a corporation organized and existing under the laws of India having a principal place of business at Polepally, Jadcherla, Mahabubnagar 509301, Andhra Pradesh, India.

11. On information and belief, Hetero Unit-V, by itself and/or through its affiliates and agents, is in the business of among other things, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of New Jersey and throughout the United States.

12. On information and belief, Hetero Unit-V is a division of Hetero Labs.

13. On information and belief, Hetero USA is a wholly-owned subsidiary of Hetero Labs and the U.S. regulatory agent of Hetero Unit-V.

14. On information and belief, Defendants Hetero USA, Hetero Labs, and Hetero Unit-V are agents of each other with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic pharmaceutical products. On information and belief, the acts of Hetero USA, Hetero Labs, and Hetero Unit-V complained of herein were done with the cooperation, participation, and assistance of, and at least in part for the benefit of, each other.

15. On information and belief, Defendants Hetero USA, Hetero Labs, and Hetero Unit-V have cooperated and assisted in the preparation and filing of Hetero's Abbreviated New Drug Application ("ANDA") No. 220481 and will be involved in the manufacture, importation, marketing, and sale of the drug that is the subject of ANDA No. 220481 if it is approved.

## NATURE OF THE ACTION

16. This is a civil action for the infringement of United States Patent Nos. 11,839,689 ("the '689 patent") and 12,161,628 ("the '628 patent") (collectively, the "Xtandi® patents") under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., arising from Hetero's filing of ANDA No. 220481 with the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of the pharmaceutical products Xtandi® tablets, 40 and 80 mg, before the expiration of Plaintiffs' patents covering Xtandi® tablets and their use.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

18. This Court has personal jurisdiction over Hetero by virtue of the fact that, *inter alia*, Hetero has committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of New Jersey and throughout the United States.

19. This Court has personal jurisdiction over Hetero by virtue of the fact that Hetero is at home in New Jersey as reflected by the fact that, on information and belief, it regularly does or solicits business in New Jersey, engages in other persistent courses of conduct in New Jersey, and/or derives substantial revenue from services or things used or consumed in New Jersey, including by selling its pharmaceutical products in New Jersey and, therefore, can reasonably

expect to be subject to jurisdiction in the New Jersey courts. Among other things, on information and belief, Hetero conducts marketing and sales activities in the State of New Jersey, including but not limited to, distribution, marketing, and sales of pharmaceutical products to New Jersey residents that are continuous and systematic. On information and belief, if Hetero's ANDA No. 220481 is approved, it will market and sell its generic versions of Xtandi® tablets in New Jersey.

20. This Court has personal jurisdiction over Hetero USA by virtue of the fact that, on information and belief, Hetero USA has a principal place of business in New Jersey. Hetero USA has an active business entity status registered with the New Jersey Department of Treasury under the business entity identification number 0400362826 and maintains a principal place of business at 1035 Centennial Avenue, Piscataway, New Jersey 08854. On information and belief, Hetero USA has registered with the State of New Jersey's Department of Health as a drug wholesaler and manufacturer operating in New Jersey under the registration number 5004050.

21. This Court also has personal jurisdiction over Hetero by virtue of the fact that Hetero previously submitted to the jurisdiction of this Court and availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction including, but not limited to, *e.g.*, *Axsome Malta Ltd., et al. v. Hetero USA Inc., et al.*, No. 2:25-cv-00801 (D.N.J.); *Celgene Corp. v. Hetero Labs Ltd., et al.*, No. 2:20-cv-14389 (D.N.J.); *Esperion Therapeutics, Inc. v. Hetero USA Inc., et al.*, No. 2:24-cv-6389 (D.N.J.); and *Intra-Cellular Therapies, Inc. v. Hetero USA, Inc., et al.*, No. 3:24-cv-04317 (D.N.J.).

22. Alternatively, assuming that the above facts do not establish personal jurisdiction over Hetero Labs and Hetero Unit-V, this Court may exercise jurisdiction over Hetero Labs and Hetero Unit-V pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims

arise under federal law; (b) Hetero Labs and Hetero Unit-V are foreign defendants not subject to general personal jurisdiction in the courts of any state; and (c) Hetero Labs and Hetero Unit-V have sufficient contacts with the United States as a whole, including but not limited to manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Hetero Labs and Hetero Unit-V satisfies due process.

23. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

24. Venue is proper in this judicial district for Hetero USA because, among other things, on information and belief, Hetero USA has an active business entity identification number in the State of New Jersey (0400362826) and maintains a principal place of business at 1035 Centennial Avenue, Piscataway, New Jersey 08854. On information and belief, Hetero USA has registered with the State of New Jersey's Department of Health as a drug wholesaler and manufacturer operating in New Jersey under the registration number 5004050. On information and belief, based on Hetero USA's presence in and connections to New Jersey and status as the U.S. agent for Hetero Unit-V, discoverable information in Hetero USA's possession, custody, or control regarding Hetero's ANDA No. 220481 will show that Hetero USA engaged in activities in New Jersey relevant to the preparation and/or submission of Hetero's ANDA No. 220481.

25. Venue is proper in this judicial district for Hetero Labs because, among other things, Hetero Labs is a foreign corporation not residing in any United States district and may be sued in any judicial district.

26. Venue is proper in this judicial district for Hetero Unit-V because, among other things, Hetero Unit-V is a foreign corporation not residing in any United States district and may be sued in any judicial district.

27. Venue is further proper as to Hetero because, among other things, Hetero has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture Xtandi® for sale and use throughout the United States, including within the State of New Jersey.

## THE XTANDI® TABLET NDA

28. APUS filed New Drug Application ("NDA") No. 213674 for Xtandi® (enzalutamide) tablets, 40 mg and 80 mg. The FDA approved NDA No. 213674 for Xtandi® 40 mg and 80 mg tablets on August 4, 2020, for the treatment of patients with castration-resistant prostate cancer and metastatic castration-sensitive prostate cancer. On November 16, 2023, the FDA approved an expanded indication for the use of Xtandi® 40 mg and 80 mg tablets to treat patients with non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk for metastasis. Xtandi® tablets are sold and co-promoted by APUS and Pfizer Inc. in the United States.

29. Enzalutamide is a compound that can be referred to by any of several chemical names, including 4-{3-[4-cyano-3-(trifluoromethyl)phenyl]-5,5-dimethyl-4-oxo-2-sulfanylideneimidazolidin-1-yl}-2-fluoro-N-methylbenzamide, 4-{3-(4-cyano-3-(trifluoromethyl)phenyl)-5,5-dimethyl-4-oxo-2-thioxoimidazolidin-1-yl}-2-fluoro-N-methylbenzamide, 4-[3-[4-cyano-3-(trifluoromethyl)phenyl]-4-keto-5,5-dimethyl-2-thioxo-imidazolidin-1-yl]-2-fluoro-N-methyl-benzamide, and 4-[3-[4-cyano-3-(trifluoromethyl)phenyl]-

5,5-dimethyl-4-oxo-2-sulfanylidene-1-imidazolidinyl]-2-fluoro-N-methylbenzamide, and which has the following chemical structure:

## THE PATENTS-IN-SUIT

30. On December 12, 2023, the '689 patent, entitled "Formulations of Enzalutamide," was duly and legally issued to API and MPT. A true and correct copy of the '689 patent is attached hereto as Exhibit A.

31. In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '689 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") for Xtandi® 40 mg and 80 mg tablets.

32. Pursuant to an agreement, as amended, entered into between API, AUS, Medivation, Inc., and Medivation Prostate Therapeutics, Inc., API was granted an exclusive license to the '689 patent.

33. Pursuant to an agreement, as amended, entered into between API and AUS, AUS was granted a sublicense to the '689 patent.

34. Pursuant to an agreement entered into between AUS and APUS, APUS was granted a sublicense to the '689 patent.

35. On September 28, 2016, Pfizer Inc. acquired Medivation, Inc. and its wholly owned subsidiary Medivation Prostate Therapeutics, Inc.

36. On August 28, 2017, Medivation, Inc. filed a Certificate of Conversion with the Delaware Secretary of State, in which Medivation, Inc. converted from a corporation to a limited liability company and changed its name to Medivation LLC.

37. On August 28, 2017, Medivation Prostate Therapeutics, Inc. filed a Certificate of Conversion with the Delaware Secretary of State, in which Medivation Prostate Therapeutics, Inc. converted from a corporation to a limited liability company and changed its name to Medivation Prostate Therapeutics LLC.

38. On December 10, 2024, the '628 patent, entitled "Combination Therapy," was duly and legally issued to API and MPT. A true and correct copy of the '628 patent is attached hereto as Exhibit B.

39. In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '628 patent is listed in the Orange Book for Xtandi® 40 mg and 80 mg tablets.

## CLAIMS FOR RELIEF – PATENT INFRINGEMENT

40. By a letter dated July 28, 2025 (the "Hetero Notice Letter"), Hetero advised Plaintiffs that it had submitted ANDA No. 220481 to the FDA seeking approval to manufacture, use, or sell enzalutamide 40 mg and 80 mg tablets ("Hetero's Generic Products") prior to the expiration of the Xtandi® patents.

41. On information and belief, Hetero submitted ANDA No. 220481 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), seeking approval to engage in the commercial manufacture, use, and sale of Hetero's Generic Products as generic versions of Xtandi® 40 mg and 80 mg tablets.

42. On information and belief, ANDA No. 220481 seeks FDA approval of Hetero's Generic Products for the indications of treatment of castration-resistant prostate cancer, metastatic

castration-sensitive prostate cancer, and non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk for metastasis.

43. The Hetero Notice Letter also advised Plaintiffs that Hetero's ANDA submission included a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in Hetero's opinion, claims of the Xtandi® patents are invalid, unenforceable, and/or not infringed.

44. The Hetero Notice Letter does not allege invalidity or unenforceability of any claim of the '689 patent.

45. By not identifying invalidity defenses for the '689 patent in the Hetero Notice Letter, Hetero admits the claims of the '689 patent are valid and are enforceable.

46. The Hetero Notice Letter does not allege invalidity under 35 U.S.C. §§ 101, 102, or 112, or unenforceability of any claim of the '628 patent.

47. By not identifying invalidity defenses under 35 U.S.C. §§ 101, 102, or 112, or unenforceability defenses for the '628 patent in the Hetero Notice Letter, Hetero admits the claims of the '628 patent are valid under 35 U.S.C. §§ 101, 102, and 112, and are enforceable.

48. There is an actual, real, immediate, and justiciable controversy between Plaintiffs and Hetero regarding the infringement, validity, and enforceability of the Xtandi® patents.

49. Plaintiffs are commencing this action within 45 days of receiving the Hetero Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I
**(Infringement of the '689 Patent)**

50. Plaintiffs incorporate each of the preceding paragraphs 1 to 49 as if fully set forth herein.

51. By submitting ANDA No. 220481 to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Hetero's

Generic Products throughout the United States, including New Jersey, prior to expiration of the '689 patent, Hetero committed an act of infringement of the '689 patent under 35 U.S.C. § 271(e)(2)(A).

52. The '689 patent claims, *inter alia*, pharmaceutical compositions of enzalutamide. Claim 1 recites "a pharmaceutical composition comprising a solid dispersion consisting essentially of amorphous enzalutamide and hydroxypropyl methylcellulose acetate succinate" ("HPMCAS"). HPMCAS is a polymer. Certain dependent claims specify that the formulation is a tablet.

53. The formulation of Xtandi® tablets, 40 and 80 mg, contains a pharmaceutical composition comprising a solid dispersion consisting essentially of amorphous enzalutamide and HPMCAS. The formulation of Xtandi® tablets, 40 and 80 mg, is covered by the '689 patent.

54. The Hetero Notice Letter does not dispute that Hetero's Generic Products are tablets that contain a solid dispersion consisting essentially of amorphous enzalutamide and a polymer.

55. On information and belief, Hetero's Generic Products, if approved by the FDA, will contain a pharmaceutical composition comprising a solid dispersion consisting essentially of amorphous enzalutamide and HPMCAS or an equivalent thereof, which will constitute infringement of at least one claim of the '689 patent.

56. On information and belief, Hetero copied the claimed invention of the '689 patent.

57. On information and belief, Hetero was not required to copy the claimed invention of the '689 patent or the Xtandi® tablets formulation.

58. On information and belief, Hetero's manufacture, use, sale, offer for sale, and/or importation into the United States of Hetero's Generic Products prior to the expiration of the '689 patent, including any applicable exclusivities or extensions, will directly infringe the '689 patent

under 35 U.S.C. § 271(a) either literally or under the doctrine of equivalents. Hetero will infringe one or more of the claims of the '689 patent.

59. On information and belief, Hetero was aware of the existence of the '689 patent and its listing in the Orange Book as demonstrated by Hetero's reference to the '689 patent in the Hetero Notice Letter.

60. On information and belief, Hetero knows or should know that its commercial manufacture, use, offer for sale, sale, and/or importation of Hetero's Generic Products prior to patent expiry will infringe one or more claims of the '689 patent.

61. On information and belief, Hetero's statement of the factual and legal bases for its opinions regarding non-infringement of the '689 patent is devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

62. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## COUNT II
### (Infringement of the '628 Patent)

63. Plaintiffs incorporate each of the preceding paragraphs 1 to 62 as if fully set forth herein.

64. By submitting ANDA No. 220481 to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Hetero's Generic Products throughout the United States, including New Jersey, prior to expiration of the '628 patent, Hetero committed an act of infringement of the '628 patent under 35 U.S.C. § 271(e)(2)(A).

65. On information and belief, Hetero was aware of the existence of the '628 patent and its listing in the Orange Book as demonstrated by Hetero's reference to the '628 patent in the Hetero Notice Letter.

66. On information and belief, Hetero intends to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hetero's Generic Products with the proposed labeling immediately and imminently upon final approval of Hetero's ANDA No. 220481.

67. The '628 patent claims, *inter alia*, methods of treating prostate cancer in patients to whom rifampin is administered. Claim 1 recites a "method of treating prostate cancer in a patient to whom rifampin is administered, comprising co-administering to the patient a daily dose of 240 mg of enzalutamide."

68. On information and belief, Hetero's manufacture, use, sale, offer for sale, and/or importation into the United States of Hetero's Generic Products prior to the expiration of the '628 patent, including any applicable exclusivities or extensions, will actively induce infringement of at least Claim 1 of the '628 patent under 35 U.S.C. § 271(b). Hetero will aid another in the infringement of one or more of the claims of the '628 patent.

69. On information and belief, Hetero's Generic Products will have instructions for use that substantially copy the instructions for Xtandi® tablets, which disclose and encourage the practice of all the elements of Claim 1 of the '628 patent. Upon information and belief, the proposed labeling for Hetero's Generic Products will direct the use of Hetero's Generic Products for the following indications: treatment of patients with castration-resistant prostate cancer, treatment of patients with metastatic castration-sensitive prostate cancer, and treatment of patients with non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk

for metastasis. On information and belief, the proposed labeling for Hetero's Generic Products will identify rifampin as a strong CYP3A4 inducer that decreases plasma concentrations of enzalutamide and its active metabolite and direct the co-administration of Hetero's Generic Products at a dose of 240 mg orally once daily in patients who are receiving rifampin.

70. On information and belief, Hetero's Generic Products, if approved by the FDA, will be prescribed and administered to human patients to treat castration-resistant prostate cancer, metastatic castration-sensitive prostate cancer, and/or non-metastatic castration-sensitive prostate cancer with biochemical recurrence at high risk for metastasis, who are also receiving rifampin, at a daily dose of 240 mg/day, which will constitute infringement of at least Claim 1 of the '628 patent.

71. On information and belief, this directly infringing use will occur with Hetero's specific intent and encouragement and will be a use that Hetero knows or should know will occur.

72. On information and belief, Hetero copied the claimed invention of the '628 patent.

73. On information and belief, Hetero will actively induce, encourage, aid, and abet this prescription and administration, with knowledge and specific intent that this use will be in contravention of Plaintiffs' rights under the '628 patent.

74. On information and belief, Hetero's acts will be performed with knowledge of the '628 patent and with intent to encourage infringement prior to patent expiry.

75. On information and belief, Hetero's statement of the purported factual and legal bases for Hetero's opinions regarding non-infringement and invalidity of the '628 patent are devoid of an objective good faith basis in either the facts or the law. This case is exceptional.

76. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that Hetero has infringed one or more claims of United States Patent Nos. 11,839,689 and 12,161,628 by submitting and maintaining ANDA No. 220481 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of Hetero's Generic Products before the expiration of the patents under 35 U.S.C. § 271(e)(2)(A);

B. A judgment that Hetero's commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Hetero's Generic Products will infringe one or more claims of United States Patent Nos. 11,839,689 and 12,161,628 under 35 U.S.C. §§ 271(a) and/or (b);

C. A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Hetero, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from engaging in the commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Hetero's Generic Products prior to the expiration date of United States Patent Nos. 11,839,689 and 12,161,628, inclusive of any extensions;

D. An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 220481 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration date of United States Patent Nos. 11,839,689 and 12,161,628, inclusive of any extensions;

E. A declaration that this case is "exceptional" under 35 U.S.C. § 285 and an award of attorney fees;

F. An award of costs and expenses in this action; and

G. Such other and further relief as the Court may deem just and proper.

Dated: September 10, 2025

/s/ Liza M. Walsh
Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Attorneys for Plaintiffs*

OF COUNSEL:

Dominick A. Conde (*phv forthcoming*)
William E. Solander (*phv forthcoming*)
Erin J.D. Austin
Whitney M. Howard (*phv forthcoming*)
Alexis M. McJoynt
VENABLE LLP
151 West 42nd Street
New York, NY 10036

## **LOCAL RULE 11.2 CERTIFICATION**

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending litigation in any court, administrative proceeding, or arbitration proceeding, nor are there any non-parties known to Plaintiffs that should be joined to this action, but this action is related to the following actions:

- *Astellas Pharma Inc., et al. v. Haimen Pharma Inc., et al.*, Case No. 2:24-cv-09403 (MAS) (Consolidated), pending in the United States District Court for the District of New Jersey;

- *Astellas Pharma Inc., et al. v. Lupin Ltd., et al.*, Case No. 3:25-cv-13779, pending in the United States District Court for the District of New Jersey.

Dated: September 10, 2025

/s/ *Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

OF COUNSEL:

Dominick A. Conde (*phv forthcoming*)
William E. Solander (*phv forthcoming*)
Erin J.D. Austin
Whitney M. Howard (*phv forthcoming*)
Alexis M. McJoynt
VENABLE LLP
151 West 42nd Street
New York, NY 10036

## **LOCAL RULE 201.1 CERTIFICATION**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiffs seek, *inter alia*, injunctive relief.

Dated: September 10, 2025

/s/ *Liza M. Walsh*
Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

OF COUNSEL:
Dominick A. Conde (*phv forthcoming*)
William E. Solander (*phv forthcoming*)
Erin J.D. Austin
Whitney M. Howard (*phv forthcoming*)
Alexis M. McJoynt
VENABLE LLP
151 West 42nd Street
New York, NY 10036